IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00640-SBP

MR. HARIT UMESH VORA,

     Plaintiff,

v.

C4 THERAPEUTICS, INC.,

     Defendant.

---

**ORDER**

---

**Susan Prose, United States Magistrate Judge**

This matter comes before the court on Plaintiff Harit Umesh Vora's Motion for Order predicated on Fed. R. Civ. Proc. Rule 60 filing (ECF No. 69) ("Rule 60 Motion" or "Motion"). Defendant C4 Therapeutics, Inc. ("C4T") filed a response (ECF No. 70), and Mr. Vora replied (ECF No. 71).[1]

The undersigned Magistrate Judge fully presides over this case pursuant to 28 U.S.C. § 636(c)(1), the parties' consent (ECF No. 30), and the Order of Reference (ECF No. 48). The Court has reviewed the motion and related briefing, the entire docket, and the applicable law. For the reasons set forth below, the court **DENIES** the Rule 60 Motion.

                        **I.    BACKGROUND**

Mr. Vora, proceeding pro se, initiated this action against C4T on March 15, 2022, alleging

---

[1] ECF No. 71 is captioned as "RESPONSE to Defendants' [sic] Rule 60" but is clearly Mr. Vora's reply.

1

misconduct in connection with an Employee Confidentiality and Assignment Agreement that Mr. Vora executed on September 19, 2016. ECF No. 1 (complaint); ECF No. 19-1 (agreement). C4T filed a motion to dismiss the case for, among other reasons, lack of personal jurisdiction. ECF No. 19. On August 1, 2023, this court granted C4T's motion and dismissed the action without prejudice, concluding that "Mr. Vora has failed to make a prima facie showing that specific personal jurisdiction exists over C4T in this case" and that "transferring this action to the United States District Court for the District of Massachusetts," as opposed to dismissal, "would not be in the interest of justice." ECF No. 49 at 12, 19-20. Accordingly, final judgment was entered in favor of C4T. ECF No. 50.

Exactly one year later, on August 1, 2024, Mr. Vora filed a motion requesting an extension of time to file a motion under Federal Rule of Civil Procedure 60. ECF No. 51. Over the next month, Mr. Vora filed eight different motions seeking various forms of relief. *See* ECF Nos. 53-54, 56-61. The court denied the motions without prejudice and instead allowed Mr. Vora to file a single motion seeking relief under Rule 60. ECF No. 67. In response, Mr. Vora filed the Rule 60 Motion at issue.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A district court has discretion to grant relief as justice requires under Rule 60(b), yet such relief is 'extraordinary and may only be granted in exceptional circumstances.'" *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (quoting *F.D.I.C. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998)). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quotation omitted).

Mr. Vora appears in this case pro se, and the court therefore must liberally construe his filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, Mr. Vora's pro se status does not excuse his obligation to comply with the same rules of procedure that govern other litigants. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.   ANALYSIS

**A. Dismissal Without Prejudice**

Even after closely reading the handwritten Rule 60 Motion multiple times, the court struggles to discern precisely what relief Mr. Vora is requesting. At various points throughout the Motion, Mr. Vora asks the court for dismissal without prejudice under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* Motion at 4, 8, 16.[2] Indeed, he concludes the Motion by stating that, "to establish fresh litigation and separate action in various jurisdictions, Mr. Vora seeks a . . . Rule 12(b)(1) dismissal." Motion at 16.

To the extent that the Motion seeks dismissal without prejudice, the court denies it as moot. The court has already dismissed this action without prejudice in its order granting C4T's

---

[2] Page numbers refer to the ECF-header page number, as opposed to a document's native pagination.

motion to dismiss. ECF No. 49 at 20. This is reflected in the Final Judgment, which states that "[t]his action is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction over Defendant C4 Therapeutics, Inc." ECF No. 50 (emphasis in original). This case therefore is not a barrier to Mr. Vora's desire "to establish fresh litigation and separate action in various jurisdictions." Motion at 16.

### B. Relief Under Rule 60

In other portions of the Rule 60 Motion, Mr. Vora seemingly seeks to vacate the judgment and reopen this action. *See* Motion at 7 (offering to make an additional filing "to suffice the summons, and the default judgment"), 14 (discussing joining additional parties). If this is what Mr. Vora seeks, he fails to satisfy the Rule 60 standards necessary for such relief.

Mr. Vora cites Rule 60(b)(2), (3), and (6) as bases for the Motion. *See* Motion at 12. The court addresses and rejects each in turn before considering Mr. Vora's remaining arguments.

#### 1. Rule 60(b)(2): New Evidence

Mr. Vora contends that he entitled to relief under Rule 60(b)(2) due to newly discovered evidence that someone has "infiltrate[ed] [his] employment opportunities" through access to his computer monitor and email accounts. *See id.* at 12. The court disagrees.

Rule 60(b)(2) provides relief for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2). "Motions to reopen for newly discovery evidence are not favored" and require the presentation of "'matter which could not reasonably have been previously adduced.'" *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 728 (10th Cir. 1993) (quoting *INS v. Doherty*, 502 U.S. 314 (1992)). To demonstrate entitlement to relief under Rule 60(b)(2), the movant must

show:

> (1) the evidence was newly discovered since the trial;
> (2) the moving party was diligent in discovering the new evidence;
> (3) the newly discovered evidence [was] not merely cumulative or impeaching;
> (4) the newly discovered evidence is material; and
> (5) that a new trial with the newly discovered evidence would probably produce a different result.

*Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (quoting *Zurich N. Am.*, 426 F.3d at 1290) (alteration in original). Although the language of the Rule only addresses trial, courts have held that the same standard applies when a party seeks relief from an order dismissing the case. *See id.* at 670 (citing *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257-58 (5th Cir. 2003)).

Even if the court were to accept Mr. Vora's vague allegation of new evidence about "infiltrating [his] employment opportunities" as true, he fails to establish any entitlement to relief under Rule 60(b)(2) because the evidence is immaterial and would not change the outcome of the court's order dismissing the case. As discussed, the court dismissed Mr. Vora's case on jurisdictional grounds. ECF No. 49. That someone may be interfering with Mr. Vora's employment opportunities does not change the fact that this court lacks personal jurisdiction over C4T. Accordingly, the court will not grant Mr. Vora Rule 60 relief based on this allegation.

### 2.   Rule 60(b)(3): Fraud, Misrepresentation, or Misconduct

Mr. Vora also contends that relief is appropriate under Rule 60(b)(3) because C4T's "unjust enrichment tied to unjust compensation [and] access to his financial accounts . . . raises an issue of [f]raud." Motion at 13. The court is not persuaded.

Rule 60(b)(3) allows a court to "relieve a party or its legal representative from a final judgment" based on fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ.

5

P. 60(b)(3). The party seeking relief "must show clear and convincing proof of fraud, misrepresentation, or misconduct." *Campbell v. Meredith Corp.*, 345 F. App'x 323, 326 (10th Cir. 2009) (citing *Zurich N. Am.*, 426 F.3d at 1290). Further, the "challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Id.* (citing *Zurich N. Am.*, 426 F.3d at 1290) (emphasis in original). As with all forms of relief under Rule 60(b), relief under this prong of the Rule should only be granted in exceptional circumstances. *See Servants of the Paraclete*, 204 F.3d at 1009.

Mr. Vora's conclusory allegation does not meet his burden to show "clear and convincing proof of fraud, misrepresentation, or misconduct." *Campbell*, 345 F. App'x at 326. But even if it did, C4T's alleged unjust enrichment would not have affected the court's dismissal based on lack of jurisdiction, and thus did not substantially interfere with Mr. Vora's ability to "fully and fairly to prepare for and proceed at trial." *Id.* The court therefore rejects the argument that this alleged fraud is a basis for vacating the judgment.

### 3. Rule 60(b)(6): Equitable Relief

Rule 60(b)(6) is a catchall provision allowing a party to seek relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Because that provision "is 'a grand reservoir of equitable power to do justice in a particular case,' a court may grant relief '*only* in extraordinary circumstances and *only* when necessary to accomplish justice.'" *Waetzig v. Halliburton Energy Servs., Inc.*, 145 F.4th 1279, 1283 (10th Cir. 2025) (quoting *Shields v. Pro. Bureau of Collections of Md., Inc.*, 55 F.4th 823, 830 (10th Cir. 2022) (emphasis in original) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)); citing 12 J. Moore, D. Coquillette, G. Joseph, G. Vairo, & C. Varner, MOORE'S FEDERAL PRACTICE

§ 60.48[3][b], p. 60–188 (3d ed. 2024)).

Although Mr. Vora cites Rule 60(b)(6), he does not develop any argument demonstrating his entitlement to relief under that aspect of the Rule, nor does he clearly link any of his numerous factual allegations to it. In any event, having carefully reviewed the Rule 60 Motion, the court finds no grounds justifying such extraordinary relief.

### 4. Remaining Arguments

Mr. Vora argues at length about the court's jurisdiction over C4T. *See* Motion at 5-10. To the extent that he seeks to relitigate the previously decided Motion to Dismiss, the court rejects this argument as improperly raised in a Rule 60(b) motion. *See Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) ("[A] Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument."); *see also Servants of the Paraclete*, 204 F.3d at 1012 (same).

Finally, to the extent that Mr. Vora argues that the final judgment dismissing his case was required to be entered or approved by an Article III judge, that is incorrect. *See* Motion at 5, 9; ECF No. 71 at 6. 28 U.S.C. § 636(c)(1) provides that, "[u]pon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and *order the entry of judgment in the case*[.]" 28 U.S.C. § 636(c)(1) (emphasis added); *see Roell v. Withrow*, 538 U.S. 580, 585 (2003) ("[A] § 636(c)(1) referral gives the magistrate judge full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review."). Both C4T and Mr. Vora expressly consented to the exercise of magistrate judge jurisdiction under § 636(c)(1). ECF No. 30. Accordingly, Mr. Vora's assertions are

7

unfounded.

## IV. CONCLUSION

For the reasons set forth above, the court finds no basis to exercise its discretion to employ the extraordinary remedy of relief under Federal Rule of Civil Procedure 60(b). The Rule 60 Motion (ECF No. 69) is respectfully **DENIED**.

DATED: September 23, 2025                BY THE COURT:

_____
Susan Prose
United States Magistrate Judge